IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 |
| | ) | |
| ALLIED DRYWALL MATERIALS AND MANAGEMENT CORP., | ) ) | CASE NO. 10-15123 |
| | ) | |
| DEBTOR. | ) ) | JUDGE CASSLING |

COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION
(Appendix to Rule 607)

Name of Applicant: ALAN D. LASKO & ASSOCIATES, P.C.

Authorized to provide
Professional services to: TRUSTEE

Date of Order Authorizing Employment: JULY 2, 2010

Period for which
Compensation is sought: SEPTEMBER 10, 2011 – JULY 31, 2012

Amount of fees sought: $4102.60

Amount of expense
Reimbursement sought: $ 56.53

This is an:    Interim Application _____    Final Application __X__

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $3,666.27.

Applicant:
ALAN D. LASKO & ASSOCIATES, P.C,

Dated: July 31, 2012   By: /s/ David R. Brown /s/
Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Allied Drywall Materials & Management Corp. ) | No. 10 B 15123 |
| ) | |
| 36-2589178 ) | Chapter 7 |
| Debtor ) | |
| ) | Hon. Donald R. Cassling |

## SECOND AND FINAL APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE COMPENSATION AND EXPENSES

ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C., Certified Public Accountants, request second and final compensation of $4,102.60 and expenses of $56.53 for the time period from September 9, 2011 through June 6, 2012. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Second and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

The Debtor filed a petition under Chapter 7 on or about April 6, 2010. A Trustee was subsequently appointed. On July 2, 2010, Alan D. Lasko & Associates, P.C. was approved by the Court issued as the accountants for the Trustee. Reflected in this Fee Application is the Applicant's time for the preparation of the Estate's years 2010 and 2011 (final) income tax returns, and work for the final payroll tax returns.

ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.

## FEE APPLICATION

The fees sought by this Second and Final Fee Application reflect an aggregate of 28.5 hours of ADLPC's time spent and recorded in performing services during the Second and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which second and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

### BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

    Cost                $113.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 270.00 | $ 54.00 |
| C. Wilson, Staff | 1.0 | 59.00 | 59.00 |
|  | 1.2 |  | $ 113.00 |

### TAX PREPARATION

The Applicant incurred 18.1 hours in the preparation of the Estate's 2010 and 2011 (final) workpapers and year-end tax returns.

The work also included the following:

- Summarized Trustee's Form 2.
- Estimated time to prepare Estate's final information tax returns.

    Cost                $2,600.00

4

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 3.3 | $ 270.00 | $ 891.00 |
| J. Delahunt, Tax Manager | 0.3 | 260.00 | 78.00 |
| L. Li, Accounting Supervisor | 5.6 | 180.00 | 1,008.00 |
| J. Lasko, Staff | 8.9 | 70.00 | 623.00 |
|  | 18.1 |  | $ 2,600.00 |

## PAYROLL TAX RETURNS – FINAL

The Applicant included estimated time of 4.2 hours related to the Estate's preparation of the final payroll tax returns for the wage claims paid.

Cost          $469.60

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.9 | $ 270.00 | $ 243.00 |
| J. Lasko, Staff | 2.9 | 70.00 | 203.00 |
| C. Wilson, Staff | 0.4 | 59.00 | 23.60 |
|  | 4.2 |  | $ 469.60 |

## RESPOND TO TAXING AUTHORITIES

The Applicant incurred 5.0 hours related to responding to the Internal Revenue Service for a variety of year 2009 and 2010 S Corporation tax return notices and pre-petition payroll tax return notices.

Cost          $920.00

5

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| D. Konomidis, Tax Supervisor | 5.0 | $ 184.00 | $ 920.00 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| | | | |
|---|---|---|---|
| Owner | $250 | - | $275 |
| Manager/Director | 220 | - | 250 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its second and final fee period are as follows:

| Recap by Project | First Interim Application | Second and Final Application | Total |
|---|---|---|---|
| Billing | $ 113.00 | $ 113.00 | $ 226.00 |
| Tax Preparation | 3,512.40 | 2,600.00 | 6,112.40 |
| Payroll Tax Returns | - | 469.60 | 469.60 |
| Respond to Taxing Authorities | - | 920.00 | 920.00 |
| Net Request | $ 3,625.40 | $ 4,102.60 | $ 7,728.00 |

6

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 2.4 | $ 226.00 | $ 94.17 |
| Tax Preparation | 39.3 | 6,112.40 | $ 155.53 |
| Payroll Tax Returns | 4.2 | 469.60 | $ 111.81 |
| Respond to Taxing Authorities | 5.0 | 920.00 | $ 184.00 |
| | 50.9 | $ 7,728.00 | $ 151.83 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| Recap | Tax Returns 2010 | Tax Returns 2011 | Respond to Taxing Authorities | Total |
|---|---|---|---|---|
| Overnight Delivery | $ - | $ 26.00 | $ - | $ 26.00 |
| Copy Costs | 11.80 | 9.60 | 1.70 | 23.10 |
| Postage | 4.80 | - | 2.63 | 7.43 |
| | $ 16.60 | $ 35.60 | $ 4.33 | $ 56.53 |

The Applicant has received its First Interim Fee Application of $3,625.40 and expenses of $40.87 for the time period July 2, 2010 through September 8, 2011.

7

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
> 
> (A) the time spent on such services;
> 
> (B) the rates charged for such services;
> 
> (C) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
> 
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
> 
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Second and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this Second and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the second and final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested second and final

9

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

compensation of $4,102.60 and expenses of $56.53 should be allowed for services by your Applicant for the period September 9, 2011 through June 6, 2012.

_____[signature]_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois  60603
(312) 332-1302

10

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 26 years. He brings his 36 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

Denise C. Konomidis, CPA – Tax Supervisor

Ms. Konomidis has 11 years of experience performing tax preparation and tax planning in public accounting. She has worked for a large and small public accounting firm and tax planning firm over this period. She has worked with commercial and individual accounts of various sizes. She has an Undergraduate Degree in Accounting from the University of Illinois. She is a Certified Public Accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

**ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.**

<u>Luyan Li, CPA, CVA, Ph.D. – Accounting/Valuation Supervisor</u>

Ms. Li has 6 years of valuation experience and 8 years of performing accounting and tax services. She has a B.A. from Xi An Jiao Tong University in China and a PhD in Communications Studies from Northwestern University in Evanston. She is a Certified Public Accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society. She is also certified by the National Association of Valuation Analysts for her valuation certificate. In addition, she is a Certified QuickBooks ProAdvisor.

<u>Joseph Lasko – Staff</u>

Mr. Lasko is a first-year intern staff person performing accounting and tax services. Mr. Lasko has a Bachelor's Degree in Marketing from the University of Iowa.

## ALLIED DRYWALL MATERIALS & MANAGEMENT CORP.

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

### SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

### SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

### ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.